UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara A. Lane,                                             Case No. 3:20-cv-1105

          Plaintiff,

     v.                                                    MEMORANDUM OPINION
                                           AND ORDER

Commissioner of Social Security,

          Defendant.

## I.    INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Thomas M. Parker.  (Doc. No. 18).  Judge Parker recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Barbara A. Lane's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  (*Id.*).  Lane timely filed objections to the R & R.  (Doc. No. 19).  The Commissioner filed a form response urging me to adopt Judge Parker's R & R but not substantively responding to Lane's objections.  (Doc. No. 20).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Lane, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R.  (Doc. No. 18 at 1-13).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, I "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).  Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996))

(alteration added by *Fleischer*).  "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV.    DISCUSSION

Lane submits two objections to the R & R.  Both relate to the ALJ's treatment of certain medical opinions in the course of determining Lane's residual functional capacity ("RFC").

## A.    Kristina Knoll, APRN-CNP

Lane's first objection relates to the ALJ's decision to discount the opinion of her treating nurse practitioner, Kristina Knoll, APRN-CNP.  In discounting this opinion, the ALJ stated:

> Kristina Knoll, APRN, CND, provided a medical source statement on January 7, 2019.  (24F).  Ms. Knoll stated that the claimant's many chronic conditions limited her ability to work.  (24F/ 1).  She opined that the claimant would miss more than five days of work per month because of her conditions.  (*Id.*).  Ms. Knoll recommended that the claimant elevate her legs above her waist when sitting, and that she would have to lie down on the job when necessary.  (24F/2).  This opinion is not persuasive.  First, the opinion was formed approximately 15 months after the date last insured.  In addition, the opinion is not consistent with the medical evidence prior to the date last insured, as there is no evidence that an acceptable medical source prescribed a cane for ambulation, nor did any medical provider state that she must elevate her legs.

(Doc. No. 12 at 25).

Judge Parker concluded the ALJ properly discounted this opinion, issued 15 months after Lane's date of last insured.  In reasoning, Judge Parker stated, "because nothing in Knoll's opinion indicated that it related back to the relevant period, the ALJ was not required to consider it at all." (Doc. No. 18 at 20).  He further opined, that even though the ALJ was not required to consider this opinion, the ALJ had done so and had applied the proper legal standards when evaluating it.  Finally, Judge Parker concluded, "[s]ubstantial evidence also supported the ALJ's reasons for discounting Knoll's opinion."  (*Id.* at 21).

Lane challenges Judge Parker's finding that Knoll's opinion did not relate back to the relevant time period.  In her objection, Lane acknowledges the Sixth Circuit's holding, cited by Judge Parker, that the ALJ must consider an opinion issued after the dated of last insured "only to the extent that the opinion reflected [the claimant]'s limitations before his date last insured."  *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 850 (6th Cir. 2020).  Still, Lane contends Knoll's opinion does relate back because it references impairments that are chronic and were recognized as "severe impairments" during the relevant time period by the ALJ.

Lane attempts to distinguish her case from those "where the opinion in question was addressing new impairments, not at issue during the claimant's relevant period."  (Doc. No. 19 at 2). But Lane does not acknowledge that, in addition to those conditions the ALJ found to be "severe impairments," Knoll's opinion also states additional limitations such as lumbar spondylosis and neuropathic pain syndrome.  (Doc. No. 12 at 1370).  Knoll's opinion does not specify which of Lane's impairments caused the limitations opined.  That is, Knoll does not indicate that the limitations opined were caused only by the chronic "severe impairments" that onset prior to the date of last insured and not those additional impairments.  Therefore, I do not agree that this opinion is distinguishable from those cases where the opinion addresses new impairments that arise after the date of last insured.

This strikes yet another blow to Lane's challenge in addition to "the fatal stroke" found by Judge Parker.  (Doc. No. 18 at 19).  Not only does Knoll's opinion "fail[ ] to say anything … indicating whether the limitations therein were based on Lane's condition before September 30, 2017," (*id.* at 19-20), but it also fails to say anything indicating the limitations therein were based on Lane's chronic conditions that onset before September 30, 2017.  Therefore, I overrule this objection and conclude "substantial evidence" supported the ALJ's decision to discount Knoll's opinion on grounds of timeliness.

I turn now to whether "substantial evidence" supports the ALJ's second reason for discounting Knoll's opinion – that "the opinion is not consistent with the medical evidence prior to the date last insured, as there is no evidence that an acceptable medical source prescribed a cane for ambulation, nor did any medical provider state that she must elevate her legs."  (Doc. No. 12 at 25).

Rather than addressing whether "substantial evidence" in the record supports these findings, Lane suggests the ALJ erred by not considering whether Knoll's opinion was consistent with the record and cites a "lumbar imaging from March 16, 2018, which revealed *moderate* degenerative changes" to show Knoll's opinion was consistent with the record.  (Doc. No. 19 at 2-3) (emphasis added by plaintiff).  But aside from the fact that the cited evidence is from six months after the date of last insured, the lumbar imaging does not rebut the ALJ's conclusions.  That is, it is not "evidence that an acceptable medical source prescribed a cane for ambulation" and does not show Lane "must elevate her legs."  Because Lane does not challenge the ALJ's actual findings regarding the consistency of Knoll's opinion, I overrule her objection that these findings were not supported by "substantial evidence."

Ultimately, I agree with Judge Parker's conclusions.  The ALJ applied the proper legal standards in reviewing Knoll's opinion, and the ALJ's decision to find the opinion "not persuasive" is supported by "substantial evidence" in the record.

**B.     Andria Doyle, Ph.D**

In her second objection, Lane alleges the ALJ improperly failed to incorporate limitations related to task performance that were opined by consultative examiner Andria Doyle, Ph.D. after finding the opinion persuasive.[1]

---

[1] As stated by Judge Parker, "Lane *does not* challenge the ALJ's decision not to incorporate the interaction limitation into the RFC, but *only* challenges what she has (incorrectly) perceived as the ALJ's failure to incorporate a simple-tasks limitation into the RFC."  (Doc. No. 18 at 25 n.5).  Lane does not object to this finding in her objections or make any reference to the interactional

In the opinion at issue, Dr. Doyle was asked to "[d]escribe the claimant's abilities and limitations in maintaining attention and concentration, and in maintaining persistence and pace, to perform simple tasks and to perform multi-step tasks." (Doc. No. 12 at 873).  She did so by stating,

> She appeared to have some difficulty maintaining attention during the present clinical interview and performance on an examination of her mental status did suggest deficits in attention.  Her history of frequent job changes when job stress arose suggests some difficulty in maintaining persistence and pace.  There appeared to be current limitations to perform simple tasks and multistep tasks, such a[s] activities of daily living (e.g., medication management, financial management, eating, bathing, driving).

(*Id.*).

> When discussing this opinion, the ALJ stated,

> the claimant did have difficulty maintaining attention during the interview and examination.  Dr. Doyle opined that the claimant had limitations to perform simple tasks and multi-step tasks. … The claimant reported to Dr. Doyle that she had a history of not handling stress appropriately for which the doctor opined that the claimant might respond negatively to perceived pressures at work such as, completing complex tasks that require sustained attention, becoming easily frustrated, or reacting with aggression.  Dr. Doyle's opinion is persuasive because it is consistent with the fact that the claimant is able to perform simple, routine, and repetitive tasks, with no more than occasional changes.

(*Id.* at 24-25) (citations omitted).  The ALJ then concluded in the RFC determination that Lane was "limited to performing simple, routine and repetitive tasks.  There should be no more than occasional changes in the workplace tasks and setting, and any changes should be well explained in advance."  (*Id.* at 20).

Before Judge Parker, Lane challenged the RFC assessment by asserting, "Dr. Doyle concluded that Plaintiff would have limitations performing even simple tasks."  (Doc. No. 14 at 22).  Judge Parker dismissed this argument, concluding Lane had misconstrued Dr. Doyle's statement that "'[t]here appeared to be current limitations to perform simple tasks and multistep tasks, such

---

limitations.  Therefore, I affirm Judge Parker's findings on this matter and decline to consider it further.

a[s] activities of daily living.'"  (Doc. No. 18 at 24 (quoting Doc. No. 12 at 873)).  He then stated, "read in the context of the whole report, we must [construe] Dr. Doyle's statement to mean that Lane *could* perform 'simple tasks and multi-step tasks, such a[s] activities of daily living' but appeared unable to perform more complex tasks at the time of her consultative examination."  (*Id.*).

Lane now contends Judge Parker erred in upholding the ALJ's decision based on "this explanation [that] was not proffered by the ALJ."  (Doc. No. 19 at 4).  I agree.  Because the ALJ did not offer this explanation, the decision cannot be upheld on these grounds.  But I do not find the source of this error lies squarely on Judge Parker's shoulders.  Instead, I find Lane's challenge to be inherently flawed, premised on her erroneous reading of both Dr. Doyle's opinion and the RFC.

First, Lane alleges Dr. Doyle opined that Lane had "deficits in attention [and] limitations to performing even simple and multi-step tasks."  (Doc. No. 14 at 19).  But Lane does not recognize that these findings were not independent of one another.  That is, Dr. Doyle found that Lane would be limited in performing tasks *because* of her difficulty maintaining attention and handling stress. (Doc. No. 12 at 873).

Beyond this, Lane does not appreciate that, while Dr. Doyle did find Lane to have limitations, Dr. Doyle did not opine on what Lane *could* do despite her limitations.  Therefore, there were no limitations in Dr. Doyle's opinion that could have been incorporated wholesale into Lane's RFC.  *See* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").

Without further guidance from the opinion, the ALJ properly synthesized Dr. Doyle's findings to determine what Lane could still do despite her limitations.  In doing so, he recognized Lane had: (1) "difficulty maintaining attention"; (2) "limitations to perform simple tasks and multi-step tasks"; and (3) "a history of not handling stress appropriately for which the doctor opined that the claimant might respond negatively to perceived pressures at work such as, completing complex

tasks that require sustained attention."  (Doc. No. 12 at 24-25).  He then concluded Lane could

perform "simple, routine and repetitive tasks" provided that any change in those tasks "be no more

than occasional" and "be well explained in advance."  (Doc. No. 12 at 20).  Although he did not

specifically state these conclusions were based on his analysis of Dr. Doyle's findings, it is clear from

the context of the discussion.  (*See id.* at 24-25).

       In sum, contrary to Lane's contention, the ALJ did not inexplicably find Lane could perform

simple tasks without further limitations.  Not only did the ALJ incorporate additional limitations

related to task performance, but he also explained that those further limitations arose from Dr.

Doyle's findings in relation to Lane's difficulties maintaining attention and handling stress.

Therefore, I find Lane's challenge unfounded and dismiss it accordingly.

## V.    Conclusion

       For the foregoing reasons, I reject Lane's challenges to the ALJ's decision.  The decision is

affirmed, and this case is closed.


       So Ordered.

                             s/ Jeffrey J. Helmick
                             United States District Judge